UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTEN McNEW, an individual, and on behalf of herself and a class of similarly situated plaintiffs,<br><br>Plaintiffs,<br><br>v.<br><br>CLUB BROADWAY ENTERTAINMENT CENTER, INC., d/b/a BIG APPLE CASINO and d/b/a BROADWAY CLUB/ENTERTAINMENT CLUB, a Washington Corporation, and ALLEN HEMMAT and MRS. JANE DOE HEMMAT and their marital community,<br><br>Defendants. | CASE NO. C03-73C<br><br>ORDER |

The parties, Kristen McNew; Club Broadway Entertainment Center, Inc. ("Club Broadway"); and Allen Hemmat have appeared before this Court seeking an order of final approval of the terms of the Parties' Settlement Agreement. The Plaintiffs are represented by Scott C. G. Blankenship of the Blankenship Law Firm, P.S. Club Broadway and Mr. Hemmat are represented by Ronald J. Meltzer of Sinsheimer & Meltzer P.S.

The Court has reviewed the Motion for Final Approval (Dkt. No. 389); the related Motion for

ORDER – 1

Attorney's Fees and Costs (Dkt. No. 391); the Settlement Agreement; the pleadings, records, and declarations already on file with the Court; the Declaration of Scott Blankenship, dated April 8, 2005; and testimony of all concerned parties during a hearing held in open court on April 14, 2005.

Being fully advised, the Court makes the following FINDINGS:

(1) The Court makes a finding that the Parties' "Settlement Agreement" executed by the parties on February 3, 2005 is fair, adequate, and reasonable. This finding is based upon consideration of the following factors:

    (a) the likelihood of success by plaintiffs;

    (b) the amount of discovery or evidence;

    (c) the settlement terms and conditions;

    (d) recommendation and experience of counsel;

    (e) future expense and likely duration of litigation;

    (f) recommendation of neutral parties, if any;

    (g) the number of objectors and nature of objections; and

    (h) the presence of good faith and the absence of collusion.

(2) According to the "lodestar" principles, Class Counsel's request for attorney's fees in the amount of $240,000 and costs of $55,000 is also reasonable;

    (a) Specifically, the Court finds that Class Counsel spent a reasonable number of hours on this highly complex case. The fees and costs requested are reasonable especially in light of the time and labor required, the difficulty of the issues, the customary fee, the contingent nature of the fee arrangement, the amount involved and results obtained, the experience and ability of counsel, the length of the professional relationship, and the awards given in similar cases.

    (b) A total recovery of $295,000 for both fees and costs is reasonable.

(3) The Court finds and concludes that the Class Members shall consist of and shall be limited

ORDER – 2

1  to all current or former employees of Club Broadway/Big Apple employed between
2  January 14, 2000 and February 3, 2005 who were not exempt from overtime
3  compensation; that those individuals who timely filed Requests for Exclusion with the
4  Court shall not be deemed Class Members; that managers Roger Clark and Julia Petit shall
5  be deemed to be a Class Members whose recovery is limited to $1000; and that Steven
6  Brizer shall not be deemed a Class Member.

7  (4)  The Court finds that the following individuals who timely opted out of the class or the
8  Settlement Agreement are not parties to this Order:

9  a. Cindy Finden
10 b. Laurel M. Thomas
11 c. Elizabeth A. Hawkins
12 d. Ledenica Isaacks
13 e. Connie Johnson
14 f. Ted R. Cooper
15 g. John W. Leeper
16 h. Brian K. Selby
17 i. Alicia Adamson
18 j. Robert B. Miller
19 k. Tamera D. Eldridge-Miller
20 l. Paul Joseph Murrin
21 m. Diane Kennedy
22 n. Darryl Wilcox
23 o. Chad M. Stewart
24 p. Tonya Lester
25 q. Carole Faulks

26 ORDER – 3

| | | |
|---|---|---|
| 1 | r. | Randy Steven Langley |
| 2 | s. | Kathryn June Saxen-Camba |
| 3 | t. | Jerry Bullock |
| 4 | u. | Dawnlynn P. Nunes |
| 5 | v. | Angela R. Ament |
| 6 | w. | Jeri J. Brackett |
| 7 | x. | Kiel E. Krogstadt |
| 8 | y. | Ashley M. Holbrook |
| 9 | z. | Suzette Noel Young |
| 10 | aa. | Judith Marie Edwards |
| 11 | bb. | Benjamin M. Gilmore |
| 12 | cc. | Kabrina Dawn Rogers |
| 13 | dd. | Susan Annette Martin |
| 14 | ee. | Na Channy Chhann |

ACCORDINGLY, the Court hereby ORDERS:

(1) This Order shall be entered as the FINAL Order Approving Settlement;

(2) Paul Pederson, CPA, will continue and complete his term as appointed Settlement Administrator to implement the terms of the Settlement Agreement;

(3) Pederson is authorized to issue payment to the Blankenship Law Firm, P.S. in the amount of $295,000 for reasonable attorney's fees and costs at the time set forth in the Settlement Agreement, and to make the other payments set forth in the Settlement Agreement;

(4) Defendants shall disclose to Pederson all data and records in their possession, or in the possession of their experts, to allow him to calculate the amounts of the Class Member distributions from the settlement fund;

(5) This matter shall be DISMISSED with prejudice effective as of the date of entry of this

ORDER – 4

1    Order;

2    (6)   The Court shall retain jurisdiction over this case for the purpose of adjudication of

3          settlement administration issues as they may arise.

5    IT IS SO ORDERED this __14th__ day of April, 2005.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

26   ORDER – 5